COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

JOHN IVY SOTELLO,                                        )

                                                                              )               
No.  08-05-00361-CR

Appellant,                          )

                                                                              )                     Appeal from the

v.                                                                           )

                                                                              )                 
394th District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of Brewster County, Texas

Appellee.                           )

                                                                              )                        (TC# 3760)

                                                                              )

 

 

O
P I N I O N

 

Appellant John
Ivey Sotello is attempting to appeal his conviction for the offense of
forgery.  As a result of his conviction,
Appellant was sentenced to 8 years in the Institutional Division of the Texas
Department of Criminal Justice.  Finding
that Appellant has not complied with Rule 25.2 of the Texas Rules of Appellate
Procedure, we dismiss the appeal.

Rule 25.2 governs
the defendant=s right
to appeal in a criminal case.  This rule
provides in part:

A defendant in a criminal case has the
right of appeal under Code of Criminal Procedure article 44.02 and these
rules.  The trial court shall enter a
certification of the defendant=s
right of appeal in every case in which it enters a judgment of guilt or other
appealable order.  In a plea bargain
case--that is, a case in which  defendant=s plea is guilty or nolo contendere and
the punishment did not exceed the punishment recommended by the prosecutor and
agreed to by the defendant--a defendant may appeal only:

 








(A)       those matters that were raised by written
motion filed and ruled on before trial, or

 

(B)       after getting the trial court=s permission to appeal.

 

Tex.R.App.P.
25.2(a)(2).

 

The rule also provides the following:

 

(d)        Certification of Defendant=s Rights of Appeal.  If the defendant is the appellant, the record
must include the trial court=s
certification of the defendant=s
right of appeal under Rule 25.2(a)(2). 
The certification should be part of the record when notice is filed, but
may be added by timely amendment or supplementation under this rule or Rule
34.5(c)(1) or Rule 37.1 or by order of the appellate court under Rule
34.5(c)(2).  The appeal must be dismissed
if a certification that shows the defendant has the right of appeal has not
been made part of the record under these rules.

 

Tex.R.App.P.
25.2(d).

 

This Court
notified Appellant on November 21, 2005, that a certification had not been
filed and requested that Appellant file the required certification within
thirty days or the appeal would be dismissed pursuant to Rule 25.2(d).  See Tex.R.App.P.
25.2(d)(AThe
appeal must be dismissed if a certification that shows the defendant has the
right of appeal has not been made part of the record under these rules.@). 
As of this date, Appellant has not filed the required
certification.  Accordingly, the appeal
is dismissed for want of jurisdiction.

 

 

 

January
19, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)